

# Montgomery County District Clerk

## Melisa Miller

936-539-7855          PO Box 2985 Conroe TX  77305          districtclerk@mctx.org

December 21, 2020

Litchfield Cavo, LLP

Attn:  Valerie Musick

One Riverway, Ste 1000

Houston, TX 77056

Re:  Cause No.  20-08-10505, CLA Woodlands LLC VS. Markel Insurance Company

Dear Valerie Musick,

Enclosed please find certified copies of Executed Citation-Markel Insurance Company, Standard Citation - Merkel Insurance Company, Standard Citation - Markel Insurance Company, Request for Service, Request of Service, Email Confirmation - Show Cause Order, Show Cause Order, Plaintiffs' Original Petition

If you have further questions, please direct them to the District Clerk's Office, Records Department, at 936-539-7855.

Sincerely,

Meredith Dunaway, Deputy District Clerk

EXHIBIT A

Received and E-Filed for Record
12/17/2020 2:10 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Tony Beltran



**WRITER'S ADDRESS:**
One Riverway | Suite 1000
Houston, TX 77056
D 713-418-2000
F 713-418-2001

**Valerie Musick**
Email: musick@LitchfieldCavo.com

*Privileged and Confidential*
*Attorney-Client Communication*

December 17, 2020

Melisa Miller
Montgomery County District Clerk
301 N. Main Street, Suite 103
Conroe, TX 77301

> Re:  Cause No. 20-08-10505; CLA Woodlands LLC, v. Markel Insurance Company; in the
> 284th Judicial District Court, Montgomery County, Texas.

Dear Clerk:

We are requesting a **certified copy of the state court file,** including the docket sheet, if any.
Please send to the above address or email the certified documents to musick@litchfieldcavo.com.

Thank you for your help.

Respectfully,

*Valerie Musick*

Valerie Musick

/vm

Atlanta | Boston area | Chicago | Dallas-Fort Worth | Fort Lauderdale | Hartford area | Houston | Indiana
Las Vegas | Los Angeles area| Louisiana | Milwaukee | New Jersey | New York | Philadelphia | Phoenix
Pittsburgh | Providence | Salt Lake City | St. Louis | Tampa | West Virginia

RECEIVED AND FILED
FOR RECORD
12/10/2020 10:57 AM
Melisa Miller, District Clerk
Montgomery County, Texas

**CAUSE NO. 20-08-10505**

| | | |
|---|---|---|
| **CLA WOODLANDS LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **MARKEL INSURANCE COMPANY** | § | **284TH JUDICIAL DISTRICT** |

## SHOW CAUSE ORDER
### (COURT'S MOTION TO DISMISS FOR WANT OF PROSECUTION)

The Court takes judicial notice that this case was filed on August 28, 2020. All parties seeking affirmative relief are ordered to appear before this Court on **01/15/2021** at **9:00 AM** to show cause why this case should not be dismissed for want of prosecution.

Failure to appear and show good cause why this case should not be dismissed for want of prosecution will result in dismissal by the Court and removal from the docket of this Court.

Signed December 10, 2020

Kristin Bays, Presiding Judge

Sent to: awoellner@potts-law.com

State of Texas, County of Montgomery, I, Melisa Miller, District Clerk of Montgomery County, Texas Certify _____ pages in cause no. _20 08 10 505_ as a true and correct copy of the original record electronically or physically filed in my office, as it appears on this date. Witness my official hand and seal of office, this the 21 day of December 2020.
Signed _____
Clerk or Deputy

**Skinner, Tracy**

RECEIVED AND FILED
FOR RECORD
12/10/2020 10:57 AM
Melisa Miller, District Clerk
Montgomery County, Texas

| | |
|---|---|
| **From:** | Skinner, Tracy |
| **Sent:** | Thursday, December 10, 2020 10:56 AM |
| **To:** | 'awoellner@potts-law.com' |
| **Subject:** | 20-08-10505 CLA Woodlands LLC v. Markel Insurance Company |
| **Attachments:** | Show Cause Order.pdf |

Please see the attached Show Cause Order issued today in the referenced case number. It has been sent to you at the email address on file with the Montgomery County District Clerk's Office.

Thank you,

*Tracy Skinner*

**Court Coordinator**
**284th Judicial District Court**
**Judge Kristin Bays, Presiding**
301 N. Main, Suite 201
Conroe, Texas 77301
Main: (936) 539-7861
Fax: (936) 538-3572

State of Texas, County of Montgomery, I, Melisa Miller, District
Clerk of Montgomery County, Texas Certify ____ 1 ____ pages in
cause no. ___20 08 10505___ _____ as a true
and correct copy of the original record electronically or
physically filed in my office, as it appears on this date.
Witness my official hand and seal of office, this
the 21 day of December 2020.
Signed _____
Clerk or Deputy

1

Received and E-Filed for Record
12/10/2020 11:33 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

# Request for Service

## Montgomery County District Clerk

CASE NUMBER: 20-08-10505     CURRENT COURT: 284th Judicial District Court

Name(s) of Documents to be served: Plaintiff's Original Petition

FILE DATE of document(s) to be served: 8/28/2020     Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):

Issue Service to: Merkel Insurance Company

Address of Service: 1999 Bryant Street, Suite 900

City, State & Zip: Dallas, Texas 75201

Agent (if applicable): CT Corporation System

☐ Check here to have citation addressed to wherever the addressee may be found.

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)

| | | |
|---|---|---|
| ☐ Citation for Personal Service | ☐ Secretary of State Citation ($12.00) | ☐ Civil Injunction/TRO |
| ☐ Citation by Posting | ☐ Highway Commission ($12.00) | ☐ Precept |
| ☐ Citation by Publication | ☐ Commissioner of Insurance ($12.00) | ☐ Subpoena |
| ☐ Citation Scire Facias | ☐ Capias (not an E-Issuance) | ☐ Other (Please describe) |
| ☐ Writ of Garnishment | ☐ Temporary Restraining Order (Family) | |
| ☐ Writ of Sequestration | ☐ Temporary Ex Parte Protective Order | |
| ☐ Writ of Attachment | ☐ Notice of Appl. For Protective Order | |
| ☐ Writ of Habeas Corpus | ☐ Notice of Hearing/Show Cause | (See additional forms for Post Judgment Service) |

☐ Notice of Foreign Judgment (UIFSA)

☐ Notice of Foreign Judgment (UCCJEA)     (by certified mail service)

☐ Writ of Withholding   ($15.00 - certified mail by District Clerk only)

☐ Notice of Termination of Child Support ($15.00 - certified mail by District Clerk only)

SERVICE BY: (Check the appropriate box.)

■ E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option

*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.

☐ ATTORNEY PICK-UP (phone or email contact): _____

☐ MAIL to attorney at Attorney of Record's address on file in case record.

☐ CERTIFIED MAIL by District Clerk

☐ Regular Mail (only available for Expedited Foreclosures and UIFSA Foreign Judgments

☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____

☐ OTHER, explain: _____

Issuance of Service requested by:

Attorney/Party Name: Andrew A. Woellner     Bar# or ID: 24060850

Mailing Address: 3737 Buffallo Speedway, Suite 1900, Houston, Texas 77(

Phone Number: 713-963-8881

State of Texas, County of Montgomery, I, Melisa Miller, District
Clerk of Montgomery County, Texas Certify _____ pages in
cause no. _____2008 10505_____ as a true
and correct copy of the original record electronically or
physically filed in my office, as it appears on this date.
Witness my official hand and seal of office, this
the 21 day of December 2020.
Signed _____
                    Clerk or Deputy

Received and E-Filed for Record
12/10/2020 11:47 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett



# Request for Service

## Montgomery County District Clerk

**CASE NUMBER:** 20-08-10505     **CURRENT COURT:** 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE of document(s) to be served:** 8/28/2020    Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):

**Issue Service to:** Markel Insurance Company

**Address of Service:** 1999 Bryant Street, Suite 900

**City, State & Zip:** Dallas, Texas 75201

**Agent (if applicable):** CT Corporation System

☐ Check here to have citation addressed to wherever the addressee may be found.

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)

| | | | |
|---|---|---|---|
| ☑ Citation for Personal Service | ☐ Secretary of State Citation ($12.00) | ☐ Civil Injunction/TRO |
| ☐ Citation by Posting | ☐ Highway Commission ($12.00) | ☐ Precept |
| ☐ Citation by Publication | ☐ Commissioner of Insurance ($12.00) | ☐ Subpoena |
| ☐ Citation Scire Facias | ☐ Capias (not an E-Issuance) | ☐ Other (Please describe) |
| ☐ Writ of Garnishment | ☐ Temporary Restraining Order (Family) | |
| ☐ Writ of Sequestration | ☐ Temporary Ex Parte Protective Order | |
| ☐ Writ of Attachment | ☐ Notice of Appl. For Protective Order | |
| ☐ Writ of Habeas Corpus | ☐ Notice of Hearing/Show Cause | (See additional forms for Post Judgment Service) |

☐ Notice of Foreign Judgment (UIFSA)

☐ Notice of Foreign Judgment (UCCJEA)    (by certified mail service)

☐ Writ of Withholding   ($15.00 - certified mail by District Clerk only)

☐ Notice of Termination of Child Support ($15.00 - certified mail by District Clerk only)

**SERVICE BY: (Check the appropriate box.)**

☐ E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option

*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.

☐ ATTORNEY PICK-UP (phone or email contact): _____

☐ MAIL to attorney at Attorney of Record's address on file in case record.

☐ CERTIFIED MAIL by District Clerk

☐ Regular Mail (only available for Expedited Foreclosures and UIFSA Foreign Judgments

☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____

☐ OTHER, *explain:* _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Andrew A. Woellner    **Bar# or ID:** 24060850

**Mailing Address:** 3737 Buffallo Speedway, Suite 1900, Houston, Texas 77

**Phone Number:** 713-963-8881

State of Texas, County of Montgomery, I, Melisa Miller, District
Clerk of Montgomery County, Texas Certify _____ /_____ pages in
cause no. _____ $\mathcal{2008}$ / $\mathcal{0505}$ _____ as a true
and correct copy of the original record electronically or
physically filed in my office, as it appears on this date.
Witness my official hand and seal of office, this
the _____ day of _____ December _____, $\mathcal{2020}$.
Signed _____
                    Clerk or Deputy

**AFFIDAVIT ATTACHED**

Received and E-Filed for Record
12/14/2020 4:08 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

# CITATION

### Cause Number: 20-08-10505

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| **Melisa Miller** | **Andrew A Woellner** |
| **P.O. Box 2985** | **3737 Buffalo Speedway    Ste 1900** |
| **Conroe, Texas 77305** | **Houston TX  77098** |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.** You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:    Markel Insurance Company
       Registered Agent CT Corporation System
       1999 Bryan Ste Ste 900
       Dallas TX  75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 28th day of August, 2020 numbered 20-08-10505 on the docket of said court, and styled, CLA Woodlands LLC VS. Markel Insurance Company

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 10th day of December, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _Patricia Morrill_
Patricia Morrill, Deputy       12/10/2020 4:40:34 PM

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE __1__ of __3__
Dec      21   2020   md
month    day  year   initials

**AFFIDAVIT ATTACHED**

**Officer or Authorized return**

Came to hand on the __11th__ day of December _A.D., 2020,_ at 8:00 o'clock
__A.M.__ and executed by delivering **Markel Insurance Company** Through registered agent
CT Corporation System accepted by Terri Thongsavat on the __11th__ day of
December A. D. 2020, at __1:47__ o'clock __P.M.,__ the within named defendant, in
person, a true copy of this Citation, together with a copy of original petition with date of
service marked thereon, at the following location, __1999 Bryan Street, Suite 900 Dallas
Texas 75201__

Citation 20-08-10505
Plaintiff's Original Petition
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
PLAINTIFF'S INTERROGATORIES TO MARKEL INSURANCE COMPANY

Witness Fee: _____
For mileage _____
For Notary_____

_____        **PSC 4688 expires 2/28/2022**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is; __July 2, 1960__ and my address is; 1801 Vassar Drive Richardson Texas 75081
Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE __2__ of __3__
__Dec__ __21__ __2020__ __mrl__
month        day    year    Initials

## Dave Valfer

| | |
|---|---|
| **From:** | intakeadmin@wolterskluwer.com |
| **Sent:** | Friday, December 11, 2020 1:47 PM |
| **To:** | premierprocess@swbell.net |
| **Subject:** | Intake Portal – Job #38802 has been received |

Hello,

**Date:** Fri, Dec 11, 2020

**Time:** 1:47 PM CST

**Name:** David Valfer

**Juris Served:** TX

**Job ID:** 38802

Receipt of the following documents at the date, time and location indicated above.

| Entity Served | Agent Name | Case No. |
|---|---|---|
| Markel Insurance Company | | 20-08-10505 |

Intake Specialist: Terri Thongsavat

CT Corporation, a Wolters Kluwer Company

State of Texas, County of Montgomery, I, Melisa Miller, District
Clerk of Montgomery County, Texas Certify ___3___ pages in
cause no. __2008 10505__ as a true
and correct copy of the original record electronically or
physically filed in my office, as it appears on this date.
Witness my official hand and seal of office, this
the _21_ day of _December_, _2020_.
Signed _____
Clerk or Deputy

1

# CITATION
## Cause Number: 20-08-10505

**Clerk of the Court**
**Melisa Miller**
P.O. Box 2985
Conroe, Texas 77305

**Attorney Requesting Service**
**Andrew A Woellner**
3737 Buffalo Speedway   Ste 1900
Houston TX  77098

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

To:     Markel Insurance Company
        Registered Agent CT Corporation System
        1999 Bryan Ste Ste 900
        Dallas TX  75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 28th day of August, 2020 numbered 20-08-10505 on the docket of said court, and styled, CLA Woodlands LLC VS. Markel Insurance Company

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 10th day of December, 2020.

**Melisa Miller, District Clerk**
**Montgomery County, Texas**

By: _Patricia Morrill_
**Patricia Morrill, Deputy**     12/10/2020 4:40:34 PM

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE  1  of 2
Dec   21  2020   md
month   day   year   Initials

# OFFICER'S RETURN

Cause No. 20-08-10505      **Court No: 284th Judicial District Court**

Style: CLA Woodlands LLC VS. Markel Insurance Company

To:      **Markel Insurance Company**

Address:      **Registered Agent CT Corporation System**

         **1999 Bryan Ste Ste 900**

         **Dallas TX 75201**

Came to hand the ____ day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

Manner of service: _____

*And not executed as to the defendants(s) _____

The diligence used in finding said defendant(s) being:

_____

And the cause of failure to execute this process is: _____

_____

And information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy    $_____

                                 _____**OFFICER**

**TOTAL**         $_____                  _____**County, Texas**

                            By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

| | |
|---|---|
| A return signed under penalty of perjury must contain the statement below in substantially the following form:<br>My full name is _____<br>My date of birth is ___/___/___, and my address is<br>_____. | _____<br>**Declarant/Authorized Process Server** |
| **I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**<br>Executed in_____, County, State of<br>_____, on the _____ day of _____, 20____. | _____<br>**ID# & Exp. Of Certification**<br><br>**SWORN AND SUBSCRIBED ON** |
| _____<br>**Declarant/Authorized Process Server** | _____<br>**DATE** |
| **ID# & Exp. Of Certification** | |
| | _____<br>**NOTARY** |

State of Texas, County of Montgomery, I, Melisa Miller, District
Clerk of Montgomery County, Texas Certify _____ pages in
cause no. _2008 10 505_____ as a true
and correct copy of the original record electronically or
physically filed in my office, as it appears on this date.
Witness my official hand and seal of office, this
the _21_ day of _December_, _2020_.
Signed _____
Clerk or Deputy

# CITATION

**Cause Number: 20-08-10505**

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Andrew A Woellner
3737 Buffalo Speedway    Ste 1900
Houston TX 77098

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:    Merkel Insurance Company
       Registered Agent CT Corporation System
       1999 Bryan Ste Ste 900
       Dallas TX 75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 28th day of August, 2020 numbered 20-08-10505 on the docket of said court, and styled, CLA Woodlands LLC VS. Markel Insurance Company

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 10th day of December, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: *Patricia Morrill*
Patricia Morrill, Deputy    12/10/2020 4:40:47 PM

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___1___ of ___2___
Dec ___21___ 2020 *md*
month        day    year    initials

# OFFICER'S RETURN

Cause No. 20-08-10505          Court No: 284th Judicial District Court
Style: CLA Woodlands LLC VS. Markel Insurance Company
To:          Merkel Insurance Company
Address:   Registered Agent CT Corporation System
               1999 Bryan Ste Ste 900
               Dallas TX 75201

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is:
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy   $_____

TOTAL                              $_____          _____OFFICER

                                                              _____County, Texas

                                                 By: _____, Deputy

AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is _____
My date of birth is ___/___/____, and my address is
_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of
_____, on the _____day of _____, 20____.


_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____
DATE

_____
NOTARY

State of Texas, County of Montgomery, I, Melisa Miller, District
Clerk of Montgomery County, Texas Certify ___2___ pages in
cause no. ___20 08 10505___ as a true
and correct copy of the original record electronically or
physically filed in my office, as it appears on this date.
Witness my official hand and seal of office, this
the _21_ day of _December_ _2020_.
Signed _____
                    Clerk or Deputy

Received and E-Filed for Record
8/28/2020 4:39 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Beth Rogers

Cause No. 20-08-10505

| | | |
|---|---|---|
| **CLA WOODLANDS LLC,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | Montgomery County - 284th Judicial District Court |
| **MARKEL INSURANCE COMPANY** | § | |
| *Defendant.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLA Woodlands, LLC, (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendant, Markel Insurance Company ("Markel") and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, CLA Woodlands, LLC, is a limited liability company organized under the laws of the State of Arizona, with its principal place of business at 3709 College Park Drive, The Woodlands, Texas 77384.

2.      Defendant, Markel Insurance Company, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served via process server at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### DISCOVERY LEVEL

3.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

1

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
month      day      year      Initials

## JURISDICTION

4. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief of more than $1,000,000. Plaintiff reserves the right to amend this Petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant, Markel, because Defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Montgomery County, Texas, because the insured property is situated in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff is the owner of a property insurance policy ("the Policy") number CCP20011446-04 issued by Markel Insurance Company.

8. Plaintiff is a childcare center located at 3709 College Park Drive, The Woodlands, Texas 77384, in Montgomery County, Texas (hereinafter referred to as "the Property"). Markel sold the Policy insuring the Property against wind and flood damage.

9. On or about August 26-28, 2017, Hurricane Harvey struck Montgomery County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property extensively, causing damage to the building exterior, building interior, and business personal property. The volume of water exposure that entered the interior of the Property from flooding was so substantial that it caused damage to the interior walls, flooring, sheetrock, insulation, baseboards and business property.

2

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
___ ___ ___ ___
month    day    year    initials

10.    Immediately after the Storm, Plaintiff submitted a claim to Markel for the damage the Property sustained as a result of the Storm. The claim was assigned claim number CCCP2001189100. Plaintiff requested that Defendant cover the cost of repairs, including but not limited to interior and exterior repairs, business personal property, and business income loss.

11.    The Policy of insurance covering Plaintiff had a Flood Coverage Endorsement providing up to $1,000,000 of insurance in the event of damage from flood. However, despite the knowledge that Hurricane Harvey caused incredible wind damage and flooding across Montgomery County, Texas and admitting that Plaintiff's Property was damaged by water, Markel has claimed that the damages were insignificant or caused by improper drainage plans instead of the heavy rainfall that dropped nearly 30" of rain in Montgomery County, Texas.

12.    Defendant and its personnel failed to thoroughly review and properly supervise the work of their employees, which ultimately led to the approving an unfair settlement of Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was severely underpaid on the claim and has suffered damages.

13.    To support its claims, Plaintiff provided to Defendants a file that contained detailed pictures of the damages, along with bids from local companies to repair the damage. Plaintiff also provided its business income statements to demonstrate the amounts each had lost due to the wind and flooding damages.

14.    Defendant set about to deny and/or underpay on properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendant's unreasonable investigation, Plaintiff was wrongfully underpaid on the claim

3

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
month          day     year     initials

and therefore suffered damages. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, which resulted in additional damages.

15.     To date, Defendant continues to delay the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

16.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

17.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

18.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

19.     Plaintiff provided adequate notice in accordance with Chapter 542A of the Texas Insurance Code and the client was copied on the notice.

## CAUSES OF ACTION

20.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.     Causes of Action Against Defendant**

4

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
_____
month          day     year

21.     Defendant intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code, and intentionally breached the common law duty of good faith and fair dealing.

A.     **Breach of Contract**

22.     Defendant breached the contract of insurance it had with Plaintiff. Defendant breached the contract by its failure and/or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

B.     **Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

23.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

24.     Defendant's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

25.     Defendant's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

26.     Defendant's unfair settlement practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

5

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE____ of____
month        day      year      initials

27.     Defendant's unfair settlement practices of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(4).

28.     Defendant's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(7).

**C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

29.     Plaintiff is entitled to interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

30.     Defendant failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

31.     Defendant failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

32.     Defendant delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.     Breach of the Duty of Good Faith and Fair Dealing**

6

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE____ of____
_____
month          day      year      Initials

33.     Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim when it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.     Knowledge**

34.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## REQUEST FOR DISCLORE

35.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days if service of this request, the all information and material described in Rule 194.2(a)-(1). TEX. R. CIV. P. 194.2.

## RULE 193.7 NOTICE

36.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff herby gives actual notice to Defendant that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## DAMAGES

37.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

7

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ____ of ____
____ ____, ____ ____
month        day    year    initials

38.     The damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

39.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

40.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE § 541.152.

41.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

42.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional stress.

43.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

8

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
___
month       day       year       Initials

## JURY DEMAND

44.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court cite Defendant

to appear and answer herein and that Plaintiff takes judgment against Defendant and recovers from

Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and

any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of

court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.


Respectfully submitted,

THE POTTS LAW FIRM, LLP


By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com
        **ATTORNEYS FOR PLAINTIFFS**

9

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
month        day        year        initials

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, CLA Woodlands, LLC, in the above-styled and numbered cause,

and requests that Defendant(s) answer the following Interrogatories and Requests for Production

separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of

service. Serve answers to the requests on Plaintiff by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

      i.      In the case of a <u>person</u>, to state such person's
          (1)      full name;
          (2)      last known home and business address and home and business telephone number;
          (3)      employer or business affiliation; and
          (4)      occupation and business position held.

10

CERTIFIED TO BE A TRUE AND CORRECT COPY
Montgomery County District Clerk
PAGE _10_ of _28_
_Dec_ _21_ _2020_ _HW_
month     day    year    Initials

    ii.    In the case of a <u>document</u>, to state:

        (1)    the identity of the person or persons preparing it and the sender;

        (2)    its title or a description of the general nature of the subject matter;

        (3)    the identity of the addressee(s), if any;

        (4)    its date or dates of preparation;

        (5)    its date or dates and manner of distribution and publication, if any;

        (6)    the location of each copy and the identity of its present custodian;

        (7)    the type of document; and

        (8)    all characteristics by which that document might be distinguished from any other document.

    iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:

        (1)    the identity of the person uttering the oral statement;

        (2)    the place at which such oral statement was uttered;

        (3)    the date on which such oral statement was uttered;

        (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and

        (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the

11

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE _____ of _____
_____
month    day    year    initials

original, and also including any reproduction or copies of documents of which the originals are not in the possession, custody or control of Defendant. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed. If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.    "Incident" and/or "occurrence", shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.    A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter. The information need not be admissible and personal knowledge is not required. Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.    When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    /s/ Andrew A. Woellner
       **Andrew A. Woellner**
       SBN: 24060850
       3737 Buffalo Speedway, Suite 1900
       Houston, Texas 77098
       Telephone (713) 963-8881
       Facsimile (713) 583-5388
       Emails: awoellner@potts-law.com

       **ATTORNEYS FOR PLAINTIFF**

12

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
____ ____ ____ ____
month    day    year    Initials

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP

/s/ Andrew A. Woellner
**Andrew A. Woellner**

13

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE 13 of 20
Dec ___ 21 2020 HW
month        day    year    initials

## PLAINTIFF'S INTERROGATORIES TO MARKEL INSURANCE COMPANY

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. If you contend that some or all of the damages to the Property were not covered losses under the Policy, describe:
   a. The scope, cause, and origin of the damages you contend are not covered losses under the Policy, and
   b. The term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

14

CERTIFIED TO BE A TRUE AND CORRECT COPY
Montgomery County District Clerk
PAGE 14 of 22
Dec
month
21, 2020 HW
day   year   Initials

**ANSWER**

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

   **ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

   **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

   **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

   **ANSWER**

12. State the Date Defendant first anticipated litigation.

   **ANSWER**

13. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

   **ANSWER**

14. Identify all underwriting reports in Defendant's possession or control for the Property.

   **ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

15

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE 15 of 262

month          day    year    Initials

**ANSWER**

16. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

17. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

18. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

19. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

20. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

16

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE 16 of
month          day     year     Initials

## PLAINTIFF'S REQUEST FOR PRODUCTION TO MARKEL INSURANCE COMPANY

1.  The following insurance documents issued for the Properties as identified in the Petition:

    a.  the policy at issue for the date of loss as identified in the Petition; and

    b.  the policy declarations page for the 2014, 2015, and 2016.

RESPONSE:


2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.  All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.  All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.  All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

17

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE 1 of 2
month          day     year     Initials

RESPONSE:

7.      All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

18

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE 10 of 20
month          day    year    initials

RESPONSE:

12.  All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.  All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.  If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.  Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.  All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

19

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE ___ of ___
_____
month        day        year        Initials

17.    All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.    Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:

20

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE____ of ____
____ ____ ____ ____
month      day      year      initials

23. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:

24. Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:

25 All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26. All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27. All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

RESPONSE:

29. To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

21

CERTIFIED TO BE A TRUE
AND CORRECT COPY
Montgomery County District Clerk
PAGE __ of __

month          day     year     initials

RESPONSE:

30.   If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

31.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32.   All claims handling manuals and/or guidelines that were in effect during Centauri's investigation of Plaintiff' claim.  This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:

22

State of Texas, County of Montgomery, I, Melisa Miller, District Clerk of Montgomery County, Texas Certify _____ pages in cause no. 20-08-10000 _____ as a true and correct copy of the original record electronically or physically filed in my office, as it appears on this date. Witness my official hand and seal of office, this the 21 day of December , 2020 .
Signed Hannah Walker
Clerk or Deputy